### Application of Clarence W. PHILLIPS, Michael P. Eiben, and Harvey T. Morgan, Jr.

### Appeal No. 79–511.

United States Court of Customs and Patent Appeals.

March 23, 1979.

James J. Hill, Emrich, Root, O'Keeffe & Lee, Chicago, Ill., for appellant.

Joseph F. Nakamura, Sol., Thomas E. Lynch, Associate Sol., U. S. Patent and Trademark Office, Washington, D. C., for Patent Office.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE * and MILLER, Associate Judges.

PER CURIAM.

In this appeal, scheduled for hearing on April 4, 1979, the court, having considered the original opinion and decision of the Patent and Trademark Office Board of Appeals ("board") and its subsequent opinion and decision upon request for reconsideration and modification, concludes as follows:

The board quotes approvingly from the examiner's answer, which states that the claims involve a program for use with a digital computer; that the program has no substantial practical application except in connection with such a computer; that the Supreme Court in *Gottschalk v. Benson*, 409 U.S. 63, 93 S.Ct. 253, 34 L.Ed.2d 273, 175 USPQ 673 (1972), "indicated that a program that has no substantial practical application except in connection with a digital computer is not patentable under 35 USC 101"; and that the Court, by quoting from the Report of the President's Commission on the Patent System in which policy matters

---

* Judge Lane took no part in the consideration of or decision in this matter.

were raised against the patenting of computer programs, "declined to decide such policy matters and refused to extend the patent statutes to embrace computer programming, absent a considered action by the Congress." On reconsideration, the board says simply that appellants' process is an "algorithm" ("a procedure for solving a given type of mathematical problem") within the meaning given that term in *Benson* and *Parker v. Flook*, 437 U.S. 584, 98 S.Ct. 2522, 57 L.Ed.2d 451, 198 USPQ 193 (1978), apparently because use of a digital computer is contemplated.

The board recognizes that the claims involved in *Benson* were method claims, but says that it regards the strictures of *Benson* as applicable to apparatus claims, for to do otherwise would be to allow a prospective patentee to achieve indirectly what he may not achieve directly. It says it finds nothing in *In re Chatfield*, 545 F.2d 152, 191 USPQ 730 (CCPA 1976), or *In re Noll*, 545 F.2d 141, 191 USPQ 721 (CCPA 1976), that would remove the instant application from the principles enunciated in *Benson*.

Although the board says that each new appeal must be decided on its own facts "in view of interpretations of the patent law as handed down by the Supreme Court" (citing *In re Christensen*, 478 F.2d 1392, 178 USPQ 35 (CCPA 1973)), the board's opinion, nevertheless, lacks the specifics of a detailed factual analysis of the subject matter as a whole of appellants' invention (see this court's opinions in *In re Johnson*, 589 F.2d 1070, 200 USPQ 199 (CCPA 1978), and *In re Gelnovatch*, 595 F.2d 32 (CCPA 1979)), which is required to show wherein this court's opinions in *In re Chatfield, supra, In re Noll, supra, In re Deutsch*, 553 F.2d 689, 193 USPQ 645 (CCPA 1977), *In re Toma*, 575 F.2d 872, 197 USPQ 852 (CCPA 1978), and *In re Freeman*, 573 F.2d 1237, 197 USPQ 464 (CCPA 1978), do not apply to the instant claims and, particularly, wherein the differences between the instant claims and those involved in *Benson* are insufficient to bring those claims within the Supreme Court's disclaimer in *Benson* (repeated in *Dann v. Johnston*, 425 U.S. 219, 96 S.Ct. 1393, 47 L.Ed.2d 692, 189 USPQ 257 (1976)) that it was not holding that all computer program inventions are unpatentable.

Accordingly, it is ordered that the case be removed from the calendar and be remanded to the board for preparation of a supplemental opinion that will provide the specifics of a detailed factual analysis, as indicated above, to enable the court to properly consider the appeal; on receipt of the supplemental opinion, this appeal will be restored to the docket.